**F I L E D**

**UNITED STATES COURT OF APPEALS**

**SEP 18 2001**

**TENTH CIRCUIT**

ARTHUR F. HARRIS,

      Petitioner - Appellant,

v.

JAMES L. SAFFLE, Director of the
Oklahoma Department of Corrections,

      Respondent - Appellee.

No. 01-6188
(D.C. No. 00-CV-679-L)
(W. District of Oklahoma)

## ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Pro se petitioner Arthur F. Harris, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to appeal the district court's denial of his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). Because Harris has not made a substantial showing of the denial of a constitutional right, we deny COA.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harris was tried and convicted of two counts of lewd molestation in Washita County district court and was sentenced to consecutive sentences totaling fifty years based in part on two prior felony convictions. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on August 5, 1997, and Harris did not file a petition for writ of certiorari in the United States Supreme Court. On June 5, 1998, Harris filed dual applications for post-conviction relief in Custer County and Washita County district courts. The state courts denied the applications, and the OCCA affirmed those denials on January 21, 1999, and January 29, 1999. Harris again sought post-conviction relief in state district court on June 21, 1999; on March 2, 2000, the OCCA affirmed the district court's denial of such relief. Harris's application for federal habeas relief was filed on April 4, 2000.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally sets a one-year period of limitation on habeas corpus petitions presented by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the

state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (quotation omitted). Parties have ninety days after entry of judgment to petition for a writ of certiorari. Sup. Ct. R. 13(1). Furthermore, the limitation period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The OCCA affirmed Harris's conviction on August 5, 1997. Because he did not seek a writ of certiorari, the period of limitation for seeking federal habeas relief began to run on November 3, 1997. By the time Harris sought state post-conviction relief on June 5, 1998, approximately 214 days had passed. The period of limitation was tolled until January 29, 1999, when the OCCA affirmed the denial of his first set of applications for post-conviction relief. Thereafter, 143 more days passed before Harris sought state post-conviction relief for a third time on June 21, 1999. The period of limitation was tolled until March 2, 2000, when the OCCA affirmed the denial of that application. By then, 357 days had passed, and thus, Harris had until March 10, 2000, to file an application for federal habeas relief. He did not do so until April 4, 2000.

The limitation period "may be subject to equitable tolling" if there are extraordinary circumstances beyond a prisoner's control that make it impossible to file a petition on time. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Harris argues that prison officials delayed notifying him of the denial of his state post-conviction petitions for a number of days, and that the period of limitation should be equitably tolled to account for these delays. Assuming that such delays constitute "extraordinary circumstances" for tolling purposes, Harris's application would nevertheless be untimely.[1] Harris claims that he was not notified of the OCCA's January 29, 1999, decision affirming the district court's denial of post-conviction relief until four days later. He further claims that he was not notified of the OCCA's March 2, 2000, decision affirming the district court's denial of post-conviction relief for an undisclosed period of time. As stated above, Harris's habeas application was not filed until April 4, 2000, twenty-five days after the AEDPA period of limitation expired. Assuming the second, undisclosed delay was comparable to the first, the two combined would toll the limitation period for only eight days, and Harris's petition would still be time-barred.[2]

---

[1] We recently held that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." Woodward v. Williams, — F.3d —, 2001 WL 946452 at *5 (10th Cir. Aug. 17, 2001).

[2] Before the magistrate judge who originally considered Harris's petition, Harris argued that equitable tolling should apply for two additional reasons.

(continued...)

Harris's motion to proceed in forma pauperis is **GRANTED**, his application for COA is **DENIED**, and the matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2](...continued)

First, Harris was required by Oklahoma law to challenge his prior convictions before challenging his current conviction in order to raise his claims that the prior convictions were improper and should not have been used to enhance his current sentence. Harris appeared to argue that this process unduly delayed exhaustion of his state claims such that the AEDPA period of limitation should be equitably tolled. The district court rejected that argument, noting that the period of limitation was tolled throughout the duration of all of Harris's state post-conviction proceedings.

Second, Harris claimed that multiple transfers between Oklahoma state prisons and private correctional facilities in Texas and Oklahoma interfered with his ability to research and file his federal habeas claim. The magistrate judge concluded that there were no specific allegations by Harris as to how these transfers interfered with his ability to file a timely petition, and that there were therefore no grounds for equitable tolling.

Although Harris did not raise either of these issues on appeal, we note that we do not find the district court's disposal of either one to be incorrect.