**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TREVOR DUKE JAMES,

     Petitioner - Appellant,

v.

RON WARD, Director; STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 02-6289
(D.C. No. CIV-02-733-M)
(W.D. Okla.)

**ORDER**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Petitioner Trevor Duke James, appearing <u>pro se</u>, brings this petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254.  James was convicted in

Oklahoma state court of unlawfully manufacturing a controlled drug, and was

sentenced to forty-nine years of imprisonment and a $150,000 fine.  He raises five

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

issues on appeal: prosecutorial misconduct, improper admission of evidence regarding other crimes, improper admission of the testimony of accomplices, ineffective assistance of counsel, and denial of his right to a bifurcated trial. He requests a certificate of appealability (COA) and permission to proceed in forma pauperis (IFP). Both the magistrate judge and the district court judge found James's petition to be untimely. We agree that James's petition is untimely. We therefore DENY COA, and DENY James's motion to proceed IFP.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a one-year period of limitation on the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Because James does not allege that a procedural impediment to his petition was removed, that a new constitutional right was recognized by the Supreme Court, or that a new factual predicate was discovered, the one-year period of limitation in his case begins to run from the "date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Tenth Circuit precedent, we do not consider state court judgments final under the provision for direct appeals until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, until the 90 days in which the petitioner could have filed his petition for certiorari has passed. Locke v.

Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001); see also Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).

We additionally toll the one-year limitation period for the time in which a properly filed application for state post-conviction or other collateral review is pending in state courts. 28 U.S.C. § 2244(d)(2). We do not toll the limitations period in the post-conviction, as opposed to direct appeal, process for appeals or potential appeals to the United States Supreme Court. Rhine, 182 F.3d at 1156.

On February 16, 1999, James received his criminal sentence from the state trial court. On February 4, 2000, the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence. James did not pursue further direct appeal. Accounting for the 90 days in which James could have filed his petition for certiorari to the U.S. Supreme Court on direct appeal, we agree with the magistrate judge and district court that James's state court judgment became final on May 4, 2000.

On March 29, 2001, James filed his application for post-conviction relief in the state courts. This tolled his limitations period thirty-six days before its expiration. But the limitations period began to run again on February 15, 2002, when the OCCA denied James's application. He did not pursue further post-conviction relief. James then had thirty-six days to file his petition for habeas corpus relief in federal court after February 15, 2002.

Those thirty-six days expired on March 23, 2002. James did not file the instant petition for habeas corpus relief in federal court until May 31, 2002, two months and eight days after the expiration of his limitations period.

Although James does not mention an argument for equitable tolling in his brief on appeal, he does attach a copy of his objections to the Magistrate Judge's Report and Recommendation. Because James is a <u>pro se</u> petitioner, we will consider the argument for equitable tolling contained there. <u>See generally</u> <u>Cummings v. Evans</u>, 161 F.3d 610, 613 (10th Cir. 1998) (construing liberally the form of pro-se filings).

Equitable tolling for habeas corpus relief may be available in extraordinary circumstances such as when "a constitutional violation [will] result[] in the conviction of one who is actually innocent or incompetent." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). James's argument for equitable tolling is based on limited access to typewriter ribbons and typing paper, and on insufficient funds to hire a private attorney until January of 2001. (Objections to Report and Rec. of the Mag. Judge at 1.) He provides no detail about how these resource constraints may be related to his actual innocence or incompetence. Accordingly, we find that James's argument for equitable tolling does not rise to the level of constitutional violation contemplated in <u>Miller</u>.

In sum, for substantially the reasons stated by the magistrate judge and district court, we agree that James's petition for habeas corpus relief is untimely and DISMISS his appeal. We DENY issuance of a COA, and DENY petitioner's motion to proceed in IFP.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge