F I L E D
**United States Court of Appeals
Tenth Circuit**

**May 17, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGGORY WADE OLIVER,

      Petitioner-Appellant,

v.

CARL ZENON, Warden, Arkansas
Valley Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondent-Appellee.

No. 05-1286
(D.C. No. 05-CV-648-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **KELLY**, **MCKAY**, and **LUCERO**, Circuit Judges.

Gregory Wade Oliver, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by the

district court, we **DENY** a COA and **DISMISS**.

Oliver was convicted in 1995 of first degree assault and two counts of

committing crimes of violence and was sentenced to twenty years in prison. He

appealed his conviction, but his appeal was denied and, on September 28, 1998,

the Colorado Supreme Court denied his petition for a writ of certiorari. Oliver did not seek a writ of certiorari from the United States Supreme Court.

Before his conviction became final, Oliver filed a post-conviction petition pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, but this petition was dismissed. On August 9, 1999, he filed another petition for post-conviction relief, this one pursuant to Rule 35(c). This was dismissed as well, with the Colorado Supreme Court finally denying his petition for a writ of certiorari on August 30, 2004.

On April 1, 2005, Oliver filed this § 2254 habeas petition. The district court concluded that Oliver's habeas petition was time-barred and denied his application for a COA. Oliver now seeks a COA from this court.[1]

The statute of limitations for applications for a writ of habeas corpus is set forth in 28 U.S.C. § 2244(d). It states:

---

[1] Oliver's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Oliver to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Oliver a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because his petition for a writ of certiorari on direct appeal was denied by the Colorado Supreme Court on September 28, 1998, Oliver had until December 28, 1998, to file a petition for a writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13. At that point, his conviction became final and the limitations period for his habeas petition began to run. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).

Oliver's first post-conviction motion was filed before his conviction was final and hence did not toll the statute of limitations. He filed his second motion

- 3 -

for post-conviction relief on August 9, 1999, 223 days after his conviction became final. Dismissal became final on August 30, 2004, and Oliver did not file his federal habeas petition until 213 days later. The statute of limitations was running for both of these two periods of time; together, they amount to well over the one-year period during which a habeas petition can be filed. As such, Oliver's § 2254 petition was filed after the end of the statute of limitations.

Failure to file in an a timely manner can be excused if there is reason to equitably toll the statue of limitations. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Oliver has not shown any extraordinary circumstances beyond his control that prevented him from filing in a timely manner. His petition is therefore time-barred.

For the reasons set forth above, Oliver's request for a COA is **DENIED** and the appeal is **DISMISSED**. His motion to proceed in forma pauperis is granted.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 4 -