**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 6, 2006**

**TENTH CIRCUIT**

STEPHEN P. LEMONS,

          Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden; RON
WARD, Director; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

          Respondents-Appellees.

No. 06-5099

(D.C. No. 05-CV-391-TCK-FHM)

(N. D. Okla.)

**ORDER**

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

Appellant was convicted of first degree murder on June 21, 1995, by a jury in Oklahoma state court and was sentenced to life in prison without the possibility of parole.  His conviction and sentence were sustained by the Oklahoma Court of Criminal Appeals ("OCCA") on August 23, 1996.  Appellant did not pursue any further direct appeals.  He did, however, file an application for post-conviction relief in state court on January 3, 2005.  The state trial court denied his application on February 17, 2005, and on May 3, 2005, the OCCA affirmed the that denial.  On July 12, 2005, Appellant filed this 28 U.S.C. § 2254 petition in the Northern District of Oklahoma claiming that his original trial violated several

of his constitutional rights. The district court dismissed Appellant's § 2254 petition as untimely and denied him a certificate of appealability ("COA"). Order, 1 (N.D. Okla. Feb. 28, 2006); Order, 3 (N.D. Okla. Apr. 12, 2006).

To obtain a COA, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Appellant has not met this burden. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations period for § 2254 petitions. *See* 28 U.S.C. § 2244(d). In Appellant's case, the limitations period began to run on November 21, 1996, ninety days after the OCCA's decision–the end of the time period for filing a petition for writ of certiorari with the Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Appellant argues that AEDPA's time limitations do not apply to him because his direct appeal was pending when AEDPA was enacted. However, as the district court noted, because Appellant initiated his § 2254 petition after AEDPA's enactment, AEDPA's limitations apply to his petition. *See* Feb. 28 Order at 3-4 (citing *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997)).

Appellant also argues that his mental state in 1996 entitles him to equitable tolling. Again, we agree with the district court's determination that Appellant's claims "are generic and lack specificity sufficient to explain the lengthy delay in pursuing his claims." *Id.* at 4.

Further, Appellant argues that he was not aware of AEDPA's requirement. This explanation, however, does not toll AEDPA's requirements. *Id.* at 5 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted))).

Finally, Appellant makes an argument of actual innocence. A claim of actual innocence, however, does not by itself toll AEDPA's filing requirements, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), and we agree with the district court's analysis that Appellant "has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control." Feb. 28 Order at 5 (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue that meets our standard for the grant of a COA. For substantially the same reasons set forth by the district court in its February 28, 2006, order, we cannot say "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484. We, therefore, **DENY** Appellant's request for a COA and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge