FILED
United States Court of Appeals
Tenth Circuit

October 10, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK LYNN CLAYBROOK,

        Petitioner - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS,

        Respondent - Appellee.

No. 06-5112

N.D. Okla.

(D.C. No. 02-CV-0724-CVE-FHM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

Mark Lynn Claybrook, a state prisoner proceeding pro se,[1] filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court denied the petition as well as a certificate of appealability (COA). Claybrook applies for COA with this Court. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). We deny a COA and dismiss his application.

---

    [1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

*Background*

Claybrook was charged in Oklahoma state court with rape in the second degree (Count 1), two counts of sexual battery (Counts 2 & 3) and rape by instrument (Count 4). He was convicted by a jury of Counts 2, 3 & 4 and sentenced to five years imprisonment on Counts 2 & 3 and fifteen years imprisonment on Count 4, with the sentences ordered to run consecutively. He appealed from those convictions to the Oklahoma Court of Criminal Appeals (OCCA) raising five propositions of error.[2] His convictions were affirmed on direct appeal and his subsequent petition for rehearing was denied. *See Claybrook v. State*, No. F-2000-1014 (Okla. Crim. App. May 11, 2001). Claybrook did not file a petition for certiorari with the United States Supreme Court.

On April 20, 2004, Claybrook filed a petition for post-conviction relief in the District Court of Tulsa County, Oklahoma. His petition was denied and the OCCA dismissed his following appeal as untimely filed. On September 23, 2005, Claybrook filed a second application for post-conviction relief raising five claims. The district court noted that the first four propositions were the same as were

---

[2] Claybrook claimed: (1) the State's evidence disproved the intent element of Count 2; (2) Count 3 was duplicitous and Claybrook was denied a unanimous verdict because the charge set forth separate methods of committing the offense; (3) the variance between the allegations in Count 4 and the proof at trial denied Claybrook due process; (4) the evidence was insufficient to support the conviction on Count 4; and (5) the State's closing argument denied Claybrook a fair trial.

raised in the first petition, and thus were barred by res judicata. Because his fifth

claim was not raised in his first application, the district court deemed it waived.

The OCCA affirmed the district court's order.

On September 19, 2002, prior to filing his State motions for post-conviction

relief, Claybrook, represented by counsel, filed a § 2254 petition for a writ of

habeas corpus raising the same issues raised in his direct appeal.[3] On July 30,

2004, Claybrook's counsel filed a motion to withdraw which was granted on

August 2, 2004. On March 23, 2006, Claybrook entered his appearance pro se

and moved to amend his habeas petition to add two new grounds for relief —

ineffective assistance of appellate counsel[4] and double jeopardy — alleging these

issues were considered and rejected by the state courts during his post-conviction

proceedings. On May 15, 2006, Claybrook filed a petition for writ of mandamus

with this Court seeking an order requiring the district court to rule on his motion

to amend. We denied this request but noted that until Claybrook filed his motion

to amend, there had been no activity in the case since August 2004.

---

[3] Pursuant to 28 U.S.C. § 2244(d)(1)(A), a § 2254 habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2004). Claybrook's conviction became final on October 23, 2001.

[4] To the extent Claybrook is claiming his post-conviction or federal habeas attorneys were ineffective, such claim is precluded by 28 U.S.C. §2254(i). ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

On May 30, 2006, the district court issued an order denying Claybrook's motion to amend and his habeas petition. It concluded the motion to amend contained new and separate claims that did not relate back to the original petition. *See* Fed. R. Civ. P. 15(c). Moreover, because the new claims were filed long after the one year statute of limitations and Claybrook made no argument for statutory or equitable tolling, the district court determined the new claims were untimely filed.[5] *See* 28 U.S.C. § 2244(d)(1).

As to Claybrook's remaining claims, the court determined they were properly exhausted, but denied relief because the state court's adjudication did not "involve[] an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or an "unreasonable determination of the facts as presented in the State court proceeding." *See* 28 U.S.C. § 2254(d).

Claybrook filed a *pro se* notice of appeal and thereafter, the district court denied a COA. Claybrook filed a request for a COA with this Court alleging not only that the district court erred in denying his request to amend his § 2254 petition and in its conclusions on the remainder of his claims, but also maintaining the court's decision was due to judicial bias.

*Certificate of Appealability*

---

[5] Claybrook's state petitions for post-conviction relief did not toll the limitations period because they were not filed until after the limitations period had expired. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Claybrook makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Claybrook must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

In his application for a COA, Claybrook initially contends the district court's decision denying his § 2254 petition was the result of judicial bias derived from its displeasure with his request for mandamus and his following letter to the

Tenth Circuit. We disagree. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). "Thus, 'adverse rulings cannot in themselves form the appropriate grounds for disqualification.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Green v. Branson,* 108 F.3d 1296, 1305 (10th Cir. 1997)). Claybrook's evidence of bias consists solely of the timing and content[6] of the district court's adverse decision. His complaint as to timing is ironic, given that the court was merely complying with his request to render an immediate decision in his case. In any event, neither the timing nor the content of the court's order is sufficient to maintain his claim of bias.

Claybrook next challenges the denial of his motion to amend his § 2254 petition. He relies on Rule 9(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, which provides that a delayed habeas petition can be dismissed only if the delay prejudices the state. He also cites to *Lonchar v. Thomas*, where the Court stated: "Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." 517 U.S. 314, 324 (1996). Claybrook claims the district court erred

---

[6] Claybrook claims another indication of the district court's bias was its misquoting the testimony of the State's expert. To the contrary, the record reveals the expert was correctly quoted as stating the drug Rohypnol can be used as a "preoperative anesthesia." (R. Doc. 3 at 106.)

because it denied his motion to amend without finding prejudice to the state. Claybrook fails to recognize Rule 9(a) was deleted in 2004 because it is unnecessary in light of the one-year statute of limitations. *See* Rules Governing Habeas Corpus Cases Under Section 2254 Cases, Rule 9, Advisory Committee Notes 2004. He also ignores *Lonchar's* "clear deference to the rules that Congress has fashioned concerning habeas." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Claybrook further presents no basis for the application of statutory or equitable tolling to his proposed additional claims except to assert he is actually innocent. However, he offers no evidence to support this assertion that was not presented at trial. His claim is not actual innocence, but theoretical innocence. It rests on his allegations of insufficiency of the evidence, an issue carefully reviewed and rejected by the state courts and the district court. Thus, the propriety of the district court's denial of his motion to amend is not reasonably debatable. Nor do we find the OCCA's decision addressing his remaining claims contrary to or an unreasonable application of the law or facts.

Because Claybrook has failed to make a sufficient showing that he is entitled to a COA, we **DENY** his request and **DISMISS** his application.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge