FILED
United States Court of Appeals
Tenth Circuit

**August 4, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

IBRAHEEM ALI,

       Petitioner - Appellant,

v.

RAY ROBERTS, Warden, El Dorado
correctional facility; STEPHEN SIX,
Attorney General of Kansas,

       Respondents - Appellees.

No. 09-3170
(D.C. No. 08-CV-03225-SAC)
(D. Kan.)

_____

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

_____

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

_____

Petitioner-Appellant Ibraheem Ali, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the dismissal of his

petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court

dismissed the petition as time-barred under the one-year limitation period

contained in 28 U.S.C. § 2244(d)(1). Ali v. Roberts, No. 08-3225-SAC, 2009 WL

1424515 (D. Kan. May 20, 2009). Because the district court's decision on the

issue is not reasonably debatable, we deny a COA and dismiss the appeal.

Mr. Ali was convicted in 1998 of two counts of aggravated robbery and one

count of kidnapping, and was sentenced to 194 months' imprisonment. 1 R. Doc.

1 at 2. The Kansas Court of Appeals affirmed the conviction on direct appeal, and the Kansas Supreme Court denied review on September 27, 2000. See State v. Ali, 4 P.3d 1190 (Table) (No. 81,997) (Kan. Ct. App. June 30, 2000) (unpublished) (noting date that review was denied). Mr. Ali subsequently filed two motions for post-conviction relief in state court. The first, filed on November 16, 2000, was denied by the Kansas Court of Appeals on March 7, 2003; Mr. Ali's time period to seek review of the Court of Appeals' decision by the Kansas Supreme Court expired without an appeal on April 7, 2003. Ali v. State, 64 P.3d 470 (Table) (No. 88,400) (Kan. Ct. App. March 7, 2003) (unpublished); Kan. Stat. Ann. § 20-3018(b); Kan. Stat. Ann. § 60-206(a); 1 R. Doc. 1 at 4. The second, filed on December 1, 2003, was denied by the Kansas Court of Appeals on November 16, 2007; the Kansas Supreme Court denied review on April 23, 2008. Ali v. State, 170 P.3d 443 (Table) (No. 97,319) (Kan. Ct. App. Nov. 16, 2007) (unpublished) (noting date that review was denied). On September 2, 2008, Mr. Ali filed this petition for federal habeas corpus relief, which the district court denied as untimely. 1 R. Doc. 1 at 2; 1 R. Doc. 14 at 5.

In order for this court to grant a COA, Mr. Ali must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on a procedural ground, he must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition

stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he cannot make a threshold showing on the procedural issue, we need not address the constitutional issues. Id. at 484-85.

The one-year limitations period that applies to the filing of habeas petitions generally runs from the date a conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Mr. Ali's direct appeal was denied by the Kansas Supreme Court on September 27, 2000, and the time limit to seek certiorari review in the United States Supreme Court expired on December 26, 2000. See Rule 13.1, Rules of the Supreme Court. The limitation period would have normally begun to run as of that date. 28 U.S.C. § 2244(d)(1)(A); Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (stating that a conviction becomes final when the Supreme Court denies review or the time for filing a petition for certiorari expires). However, the limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Because Mr. Ali's first post-conviction motion was filed before and still pending on December 26, 2000, the limitation period was tolled through April 7, 2003, when Mr. Ali's opportunity to appeal the denial of his post-conviction petition to the Kansas Supreme Court expired.

Accordingly, the § 2244(d)(1) limitation period began running on April 8, 2003. It ran for 237 days, until it was tolled by Mr. Ali's second petition for state

post-conviction relief on December 1, 2003. Tolling continued through April 23, 2008, when the Kansas Supreme Court denied review of Mr. Ali's second petition. The remaining 128 days of Mr. Ali's limitation period began running again on April 24, 2008, and expired on August 29, 2008.[1] As noted previously, Mr. Ali did not file his federal habeas petition until September 2, 2008. Accordingly, the district court's conclusion that Mr. Ali failed to bring a timely action is not reasonably debatable.

Of course, the limitation period may be equitably tolled under "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). In this case, however, Mr. Ali has not alleged any facts to support equitable tolling. Accordingly, the district court's conclusion that Mr. Ali was not entitled to equitable tolling is not reasonably debatable. Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

---

[1] Mr. Ali apparently argues that the fact he did not file a petition for a writ of certiorari with the United States Supreme Court should entitle him to additional 90 days. Aplt. Br. 2. However, the 90-day period for filing a petition for a writ of certiorari only operates to establish when the one-year limitation period begins under § 2244(d)(1)(A); it does not add days to the one-year limitation period by extending any tolling pursuant to § 2244(d)(2). Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999).

We DENY the application for a COA and DENY the motion to proceed IFP.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge