**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY D. THOMAS,

        Petitioner - Appellant,

v.

ROGER WERHOLTZ, Kansas Secretary
of Corrections; STEPHEN N. SIX,
Attorney General of the State of Kansas,

        Respondents - Appellees.

No. 09-3368
(D. Ct. No. 5:09-CV-03201-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE,** Chief Circuit Judge, **TACHA,** and **O'BRIEN,** Circuit Judges.

        After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

        Randy D. Thomas, a Kansas state prisoner, seeks a certificate of appealability ("COA") to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2254. The district court dismissed the petition as untimely. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Thomas's request for a COA, and DISMISS this appeal.

# I. BACKGROUND

Mr. Thomas was convicted of intentional second-degree murder and sentenced to forty years' imprisonment. He appealed his conviction to both the Kansas Court of Appeals and the Kansas Supreme Court. The Kansas Supreme Court denied review of Mr. Thomas's direct appeal on April 1, 2004. Mr. Thomas did not seek review in the United States Supreme Court.

On February 4, 2005, Mr. Thomas filed a motion for new trial based on newly discovered evidence. That motion was denied and Mr. Thomas appealed. The Kansas Court of Appeals affirmed on February 15, 2008, and the Kansas Supreme court then denied his petition for review on September 22, 2008. On September 22, 2009, Mr. Thomas filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254. Finding that the § 2254 petition was filed outside the applicable one-year limitations period, *see* 28 U.S.C. § 2244(d)(1), the district court issued an order that Mr. Thomas show cause why the petition should not be dismissed. Mr. Thomas failed to answer the court's show-cause order, and the district court dismissed the petition as untimely.

After the district court dismissed his habeas petition, Mr. Thomas filed a motion to set aside the judgment pursuant to Fed. R. Civ. P. 60. While that motion was still pending, Mr. Thomas filed a notice of appeal to challenge the denial of his habeas petition. Additionally, he sought a COA, appointed counsel, and the right to proceed in

forma pauperis. The district court subsequently denied Mr. Thomas's Rule 60 motion,[1] his application for a COA, and his request for appointed counsel, but granted his motion to proceed in forma pauperis on appeal. Mr. Thomas now seeks a COA from this court.

## II. DISCUSSION

A state petitioner may not appeal from the denial of a § 2254 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as is the case here, the district court denies the petition on procedural grounds, we will issue a COA only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

---

[1]Because Mr. Thomas filed a notice of appeal prior to the district court's denial of his Rule 60 motion, he was required to file an amended notice of appeal within thirty days of the district court's denial of his Rule 60 motion if he wished to challenge the denial of that motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Mr. Thomas did not file an amended notice of appeal nor did he file any document with the court which we might construe as the functional equivalent of an amended notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) (requiring courts of appeals to accept the "functional equivalent" of a notice of appeal). Therefore, we lack jurisdiction to review the district court's denial of Mr. Thomas's Rule 60 motion. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988) ("[T]he timely filing of a notice of appeal is 'mandatory and jurisdictional.'") (internal quotations omitted).

A one-year statute of limitations governs § 2254 petitions.  28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run on the date the petitioner's conviction and sentence "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  The one-year limitations period is tolled, however, for the time during which a properly filed motion for state post-conviction relief is pending.  *Id.* § 2244(d)(2).

In this case, the Kansas Supreme Court denied review of Mr. Thomas's direct appeal on April 1, 2004.  Mr. Thomas did not seek a writ of certiorari from the United States Supreme Court.  As a result, Mr. Thomas's conviction and sentence became final 90 days later, on June 30, 2004, when the time in which he could have petitioned for review in the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The limitations period then ran for seven months until it was tolled by the filing of Mr. Thomas's motion for new trial on February 4, 2005.  The period began running again on September 22, 2008, when the Kansas Supreme Court denied review of Mr. Thomas's request for post-conviction relief, and expired in late February 2009.  Thus, Mr. Thomas's § 2254 petition, filed on September 22, 2009, was filed well outside the limitations period.

In his application for COA in this court, Mr. Thomas argues that his late filing should be excused because his counsel misinformed him of the limitations period's expiration date and because newly discovered evidence supports a claim of actual innocence.  He did not, however, raise these arguments before the district court; therefore

- 4 -

they are not properly before us.[2] *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to reach petitioner's equitable tolling argument because he did not raise it in the district court). Accordingly, Mr. Thomas has failed to show that reasonable jurists could debate the district court's dismissal of his § 2254 petition as untimely.

### III.  CONCLUSION

For the foregoing reasons, Mr. Thomas's request for a COA is DENIED and this appeal is DISMISSED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[2]Although Mr. Thomas raised these arguments in his Rule 60 motion, we do not have jurisdiction to review the district court's denial of that motion. *See supra* note 1.