**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Patrick J. Fisher, Jr.
Clerk

February 22, 2001

**TO:** ALL RECIPIENTS OF THE OPINION

**RE:** 00-6210, *Locke v. Saffle*
Filed on January 31, 2001

Footnote three on page 9 of the court's slip opinion is corrected to read as follows:

We note that, in his response brief, Mr. Locke argues "[i]n the alternative" that "conclusion of direct review" as used in § 2244(d)(1)(A) "means the date of the return of the state court of last resort's mandate from the lower court to the state court of last resort." Aple's Br. at 3. We need not reach this alternative argument, having ruled in Mr. Locke's favor on his primary argument.

A corrected copy of page 9 is attached.

Sincerely,

Patrick Fisher, Clerk of Court


By: Keith Nelson
Deputy Clerk


encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2001**

**PATRICK FISHER**
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WENDELL LOCKE,

      Petitioner-Appellee,

v.

JAMES SAFFLE,

      Respondent-Appellant.

No. 00-6210

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 98-CV-1176-C)**

---

W.A. Drew Edmondson, Attorney General of Oklahoma, and Patrick T. Crawley, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondent-Appellant.

Vance William Armor, Attorney at Law, Oklahoma City, Oklahoma, for Petitioner-Appellee.

---

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges. [1]

---

**HENRY** , Circuit Judge.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Petitioner-Appellee Wendell Locke, a state prisoner, filed a petition for a writ of habeas corpus on August 24, 1998.  The government responded with a motion to dismiss on the ground that Mr. Locke's petition was time barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  After the motion was denied, the government asked the district court to stay the order; it also asked permission to file an immediate appeal.  The district court granted both requests.  The government then sought this court's permission to file an immediate appeal, which was also granted.  Consequently, we now consider the government's contention that Mr. Locke's petition was not timely filed.  We affirm for the reasons set forth below.

## I. PROCEDURE AND BACKGROUND

Mr. Locke was convicted in Oklahoma County District Court of one count of first-degree murder and two counts of use of a vehicle to facilitate the intentional discharge of a firearm. Mr. Locke subsequently brought an appeal before the Oklahoma Court of Criminal Appeals – the court of last resort in the state – which affirmed the conviction on August 1, 1997. See generally Locke v. State, 943 P.2d 1090 (Okla. Crim. App. 1997). Mr. Locke did not seek direct review of his case before the United States Supreme Court, nor did he seek post-conviction relief in state court.

On August 24, 1998, Mr. Locke filed a petition for a writ of habeas corpus in federal court. The government moved to dismiss on the basis that the petition was time barred under § 2244(d)(1)(A), but the district court denied the motion. The district court noted that, in prior cases, this court had addressed the issue of timeliness and that, in those cases, inconsistent results had been reached. See Aplt's Br., Ex. C, at 2 (district court order, filed Sept. 29, 1999) [hereinafter Dist. Ct. Order]. Among those cases, however, there was only one published opinion, Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), and, under Rhine, Mr. Locke's petition was timely filed.

## II. DISCUSSION

As a preliminary matter, Mr. Locke argues that this interlocutory appeal is improper because the government is seeking "to enlarg[e] its own rights or lessen[] the rights of its adversary absent a cross appeal." Aple's Br. at 4. We find this argument to be without merit, and so the only issue remaining is whether Mr. Locke's petition was timely filed pursuant to § 2244(d)(1)(A). Because the parties do not dispute the facts, we have before us a purely legal question, and thus we review the matter de novo. See Gibson v. Klinger, 232 F.3d 799, --- (10th Cir. 2000).

Section 2244(d)(1)(A) provides that

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . . The limitation period shall run from the . . . the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A) (emphasis added). According to the district court, Mr. Locke had until October 29, 1998, to file his petition. The district court arrived at this date in the following manner: (1) on August 1, 1997, the Oklahoma Court of Criminal Appeals, the state court of last resort, affirmed Mr. Locke's conviction; (2) ninety days later – i.e., on October 30, 1997 – Mr. Locke's time to seek direct review before the United States Supreme Court expired, see U.S. Sup. Ct. R. 13; (3) Mr. Locke's conviction was thereby final on October 30, 1997, at least for the

purposes of § 2244(d)(1)(A); and (4) consequently, the one-year limitation period began to run on October 30, 1997.

The government argues that, as a matter of law, the district court erred in determining the day by which Mr. Locke's petition had to be filed. More specifically, it argues that the district court improperly calculated the date on which Mr. Locke's conviction was final by including the ninety days during which Mr. Locke could have filed (but did not) a petition for a writ of certiorari with the United States Supreme Court. According to the government, Mr. Locke's conviction was final on August 1, 1997, the day that Mr. Locke had exhausted his state remedies. In short, the government's contention is that "direct review" as used in § 2244(d)(1)(A) only means review within the state court system; review by the United States Supreme Court is not counted. The government grounds its argument on two premises: (1) The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted to accelerate the habeas process; and (2) AEDPA is focused on the exhaustion of state remedies.

We are not persuaded by the government's argument. We note first that, in Rhine v. Boone, 182 F.3d at 1153, we stated that for purposes of § 2244(d)(1)(A) "the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, *or, if no petition for certiorari is filed, after the time for*

*filing a petition for certiorari with the Supreme Court has passed* ." Id. at 1155 (emphasis added); see also Habteselassie v. Novak , 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after October 15, 1996, the date the [state court of last resort] denied his petition for certiorari and his state court review was thus completed.").

Of course, this statement in Rhine was technically dicta, the holding of the case dealing with § 2244(d)(2) instead of § 2244(d)(1)(A), [2] and therefore we are not bound by it. Still, we find the statement to be instructive; at the very least, it cannot be ignored, especially in light of Habteselassie , see id. , and further in light

---

[2] Although Rhine discusses the limitation period with respect to § 2244(d)(1)(A), which deals with direct review, its actual focus is § 2244(d)(2), which deals with post-conviction or collateral review. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Notably, § 2244(d)(2) does *not* take into account the time during which a petition for certiorari to the United States Supreme Court can be filed. See Rhine , 182 F.3d at 1156. That is, if a person has been denied relief in a state post-conviction or other collateral proceeding, and the person then seeks review of that decision before the United States Supreme Court, the limitation period does *not* toll during the time the person seeks review from the United States Supreme Court. See id. This holding in Rhine on § 2244(d)(2), however, is subject to change. The United States Supreme Court has granted certiorari to a Second Circuit case to determine whether "other collateral review" under § 2244(d)(2) includes properly filed federal habeas petitions or only applications for state review. See Walker v. Artuz , 208 F.3d 357, 358 (2d Cir.), cert. granted , 121 S. Ct. 480 (2000).

of United States v. Burch, 202 F.3d 1274 (10th Cir. 2000). In Burch, this court addressed the issue of timeliness under 28 U.S.C. § 2255. Like § 2244, § 2255 is a habeas statute but, while § 2244 applies to prisoners held in state custody, § 2255 applies to prisoners held in federal custody. In discussing the issue of timeliness under § 2255, this court held that, "if a prisoner does not file a petition for a writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." Id. at 1279. Since the ninety-day period is included with respect to federal prisoners, we see no reason not to do the same with respect to state prisoners, see id. at 1278 ("We agree that there is simply no indication that Congress intended to treat state and federal habeas petitioners differently.") – especially since § 2244 contains language that suggests the period should be counted and § 2255 does not. Compare 28 U.S.C. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*.") (emphasis added), with 28 U.S.C. § 2255(1) ("The limitation period shall run from . . . the date on which the judgment of conviction becomes final.").

Finally, we note that the circuit courts that have explicitly ruled on the issue of timeliness under § 2244(d)(1)(A) are in accord with Rhine; that is, all have held that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A)

includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe , 188 F.3d 1157, 1158-59 (9th Cir. 1999); see also Bronaugh v. Ohio , No. 99-3886, 2000 WL 1847861, at *2 (6th Cir. Dec. 19, 2000) ("This circuit . . . recently decided . . . that, under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."); Smith v. Bowersox , 159 F.3d 345, 348 (8th Cir. 1998) ("We conclude that the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.").

We agree with the reasoning employed by our sister circuits, in particular, that used by the Eighth Circuit in Smith . In Smith, the respondent argued, as the government does here, that a conviction becomes final on the day state court review is concluded; in other words, "direct review" as used in § 2244(d)(1)(A)

does not include review by the United States Supreme Court. The Eighth Circuit rejected the respondent's argument, stating the following:

> Review of a state criminal conviction by the Supreme Court of the United States *is* considered direct review of the conviction. Moreover, there is a well-established body of federal case law that interprets the phrase 'final by the conclusion of direct review' to include an opportunity to seek certiorari. When Congress elects to use terminology that has become commonplace in court decisions in a particular field of law, the rules of statutory construction call for us to define the statute's terms in harmony with that accepted judicial meaning. Thus, a chance to solicit review of constitutional issues before the United States Supreme Court, after the end of state court proceedings, properly falls within the meaning of 'final by the conclusion of direct review.'

Smith, 159 F.3d at 348 (citations omitted and emphasis added). [3]

To conclude, we hold that Mr. Locke's petition was timely filed with the district court pursuant to § 2244(d)(1)(A): Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until – following a decision by the state court of last resort – "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." Rhine, 182 F.3d at 1155. To the

---

[3] We note that, in his response brief, Mr. Locke argues "[i]n the alternative" that "conclusion of direct review" as used in § 2244(d)(1)(A) "means the date of the return of the state court of last resort's mandate from the lower court to the state court of last resort." Aple's Br. at 3. We need not reach this alternative argument, having ruled in Mr. Locke's favor on his primary argument.

extent that other cases in this circuit may be read to suggest otherwise, [4] see, e.g.,
Gibson v. Snyder, No. 99-6304, 2000 WL 300212, at *1 n.3 (10th Cir. March 23,
2000) (unpublished opinion); Bridges v. Booher, No. 99-6191, 1999 WL 617723,
at *2 (10th Cir. Aug. 16, 1999) (unpublished opinion); Rodriguez v. Klinger, No.
98-6407, 1999 WL 394562, at *1 n.2 (10th Cir. June 16, 1999) (unpublished
opinion), those cases are not to be cited.

Accordingly, we AFFIRM the decision of the district court.

---

[4] It is not clear to what extent these unpublished opinions are contrary
because the factual discussion in each is limited.