**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH CASTILLO,

      Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents - Appellees.

No. 01-2052
(D.C. No. CIV-00-1258-MV)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Joseph Castillo, a New Mexico state prisoner appearing pro se, seeks a

certificate of appealability pursuant to 28 U.S.C. § 2253(c) to challenge the

district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas

corpus as time-barred under 28 U.S.C. § 2244(d).

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Federal petitions for habeas corpus generally must be filed within one year of the date on which the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled during the time "a properly filed application for state post-conviction or other collateral review . . . is pending." Id. § 2244(d)(2). The chronology of Castillo's conviction, appeal, and post-conviction proceedings demonstrates the district court correctly concluded that Castillo's federal petition was filed after the expiration of the § 2244(d) limitations period.

Castillo was convicted of first-degree felony murder in March 1997.[1] On direct appeal, the New Mexico Supreme Court affirmed his conviction and issued its mandate on May 27, 1998. Castillo's conviction became final ninety days later, on August 25, 1998, at the end of the period for filing a petition for a writ of certiorari to the United States Supreme Court. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—' . . . if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th

---

[1] Castillo was also convicted of robbery, but that conviction was later vacated on double jeopardy grounds.

Cir. 1999), cert. denied, 528 U.S. 1084 (2000))). At that point, the § 2244(d) limitations period began to run.

Two hundred fifty-eight days later, on May 10, 1999, Castillo initiated state post-conviction proceedings, which paused—but did not reset—the limitations clock. The state district court denied relief, and the New Mexico Supreme Court denied certiorari review on August 30, 1999. After the denial of his state habeas petition, Castillo had only 107 days remaining to file a federal habeas petition. Castillo, however, did not file the instant federal habeas petition until nearly a full year later, on or about August 30, 2000.[2]

Castillo contends that the limitations period did not begin to run until he had exhausted state court remedies: August 30, 1999, when the New Mexico Supreme Court denied certiorari to review the denial of his state habeas petition. As indicated above, the plain language of § 2244(d) states that the limitations period starts on the day a petitioner's conviction becomes final and is only tolled during the time state post-conviction proceedings are pending. Castillo's state post-conviction proceedings were pending only from May 10 to August 30,

---

[2] Castillo's federal petition is file stamped August 30, 2000. However, under the "prisoner mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), Castillo's federal petition is considered filed on the day he gave it to prison officials for mailing. It is not clear from the record exactly when that occurred, but it could have been no earlier than August 23, 2000, the day he signed his § 2254 petition. As is clear from the discussion above, this small discrepancy does not render Castillo's petition timely.

1999—too little time to sufficiently toll the § 2244(d) limitations period to render his federal petition timely.

The application for a certificate of appealability is therefore **DENIED**, and the appeal is **DISMISSED**.  The mandate shall issue forthwith.


Entered for the Court,


Carlos F. Lucero
Circuit Judge