**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NOE R. GAMEZ,

      Petitioner-Appellant,

v.

W.A. DREW EDMONDSON and
RON WARD,

      Respondents-Appellees.

No. 02-6299
(D.C. No. 02-CV-589-L)
W. District of Oklahoma

---

**ORDER**

---

**KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Noe Gamez, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

the district court's dismissal of his federal habeas petition as untimely. For

substantially the same reasons set forth by the magistrate's Report and

Recommendation, adopted by the district court in its Order of September 11,

2002, we deny a COA and dismiss the matter.

Gamez was convicted of unlawful distribution of a controlled dangerous

substance, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his

conviction on April 2, 1998. Gamez filed his first application for state post-conviction relief on January 21, 1999. OCCA affirmed the denial of this petition on April 27, 1999. Thereafter, Gamez filed his first petition for federal habeas relief on October 4, 1999, which was dismissed without prejudice on May 1, 2001, for failure to exhaust each claim in state court. In light of this ruling, Gamez filed a second application for state post-conviction relief on September 28, 2001. Finally, Gamez filed the instant § 2254 petition on May 1, 2002, which the district court dismissed as time-barred.

Gamez may not appeal the denial of habeas relief under § 2254 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(A). This court may issue a COA only if Gamez "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed Gamez's petition on procedural grounds, namely untimeliness, Gamez must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C.

2

§ 2244(d)(1).  A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  The one-year period of limitation is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).  Moreover, the one-year period is subject to equitable tolling in extraordinary circumstances.    Miller v. Marr , 141 F.3d 976, 978 (10th Cir. 1998). For purposes of § 2244(d)(1)(A), Gamez's conviction became final on July 1, 1998, ninety days after OCCA affirmed his conviction on direct appeal.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Absent tolling, Gamez's petition had to be filed by July 1, 1999, in order to be timely under AEDPA.

As thoroughly explained by the magistrate in her Report and Recommendation, adopted by the district court, Gamez filed his petition almost three years outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) without a showing of entitlement to either statutory tolling or equitable tolling.  We have carefully reviewed petitioner's brief, the district court's order, and the material portions of the record, including the magistrate judge's Report and Recommendation, and conclude that Gamez has failed to raise

3

a debatable issue as to whether his petition was improperly dismissed as time-barred. Accordingly, Gamez's application for a COA is **DENIED**. His motion to proceed in forma pauperis before this court is **GRANTED**, and the matter is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge