**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAMIRO RUIZ,

      Petitioner - Appellant,

vs.

RON WARD; STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 04-6004
(D.C. No. 03-CV-963-A)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

      Mr. Ruiz, a state inmate appearing through counsel, seeks to appeal from

the district court's order, dismissing his habeas action as barred by the one-year

limitation period in 28 U.S.C. § 2244(d)(1). For this court to have jurisdiction

over Mr. Ruiz's appeal, a certificate of appealability ("COA") must be granted.

28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). We

interpret Mr. Ruiz's notice of appeal as a renewed application for a COA. Fed. R.

App. P. 22(b)(2).

      Because the district court's dismissal was based upon procedural grounds,

Mr. Ruiz must demonstrate that reasonable jurists would find it debatable whether

the district court's procedural ruling was correct, and whether his habeas petition makes a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In 1996, Mr. Ruiz was convicted in Oklahoma state court of drug trafficking and sentenced to 50 years imprisonment. On April 28, 1997, his conviction was upheld on direct appeal by the Oklahoma Court of Criminal Appeals ("OCCA"). Mr. Ruiz did not seek review by the United States Supreme Court, thus his conviction became final for purposes of the one-year limitation period 90 days later, or July 27, 1997. See Locke v. Saffle, 237 F.3d 1269, 1272-73 (10th Cir. 2001). Mr. Ruiz filed a request for state post-conviction relief on September 24, 2001, which was denied. On July 17, 2003, Mr. Ruiz filed the present habeas petition. R. Doc. 1. The magistrate judge recommended the petition be dismissed as untimely. R. Doc. 12. Mr. Ruiz objected to the recommendation; however, after conducting a de novo review, the district court adopted the magistrate judge's recommendation. R. Doc. 14.

On appeal, counsel argues the merits of the habeas petition. We have reviewed the appendix and the complete district court case file and conclude that the disposition of the district court on the limitations issue is not reasonably debatable. Mr. Ruiz's federal petition was filed well after the one-year limitation period had run; the pendency of his subsequent state-post conviction application

cannot serve to statutorily toll, 28 U.S.C. § 2244(d)(2), an already expired limitation period.  See May v. Workman, 339 F.3d 1236, 1236-37 (10th Cir. 2003); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  Nor has Mr. Ruiz demonstrated entitlement to multiple years of equitable tolling.  See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

We DENY the request for COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge