FILED
United States Court of Appeals
Tenth Circuit

September 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AARON COLEMAN,

        Petitioner-Appellant,

v.

BRIGHAM SLOAN; JOHN
SUTHERS, Attorney General of the
State of Colorado,

        Respondents-Appellees.

No. 10-1014
(D.C. No. 1:09-CV-01192-ZLW)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Aaron Coleman seeks a certificate of appealability (COA) to appeal the

district court's dismissal of his pro se petition for a writ of habeas corpus. We

deny his request for a COA, and dismiss the appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Coleman initially brought his petition pursuant to 28 U.S.C. § 2241. The district court, noting that the petition appeared to challenge the validity of his convictions and sentences rather than the execution of his sentences, ordered him to file an amended application under 28 U.S.C. § 2254. He did.

In his § 2254 petition, Mr. Coleman attacked convictions he received in two Colorado state court cases, Case No. 92-CR-1745 and Case No. 93-CR-1468. The district court dismissed the attack on Case No. 92-CR-1745 as second or successive. *See* 28 U.S.C. § 2244(b)(3)(A). It then ordered the state to file a pre-answer response to Mr. Coleman's claims related to Case No. 93-CR-1468, pertaining to his convictions for burglary and sexual assault.

In its response, the state argued that his claims were untimely under the one-year limitations period provided in 28 U.S.C. § 2244(d)(1). It also argued that some of the claims had not been exhausted in state court. The district court concluded that Mr. Coleman's claims were barred by the one-year limitations period. It therefore dismissed his remaining claims and the action.

In order to appeal the district court's decision, Mr. Coleman must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). This is a jurisdictional prerequisite to appeal. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Since the district court denied his claims on procedural grounds, he must show both "that jurists of reason would find it debatable whether [his] petition states a valid claim of the

denial of a constitutional right and ... whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We agree with the district court's procedural resolution of this case, and must therefore deny COA. But we reach that result through a slightly different analysis than that of the district court, as follows.

## BACKGROUND

On May 19, 1994, a Colorado jury convicted Mr. Coleman of first degree sexual assault and second degree burglary. On September 30, 1994, he was sentenced to 25 years in the Colorado Department of Corrections. On direct appeal, he raised a single issue, challenging the sufficiency of the evidence to support his conviction. On March 21, 1996, the Colorado Court of Appeals rejected this challenge and affirmed his conviction.

Mr. Coleman subsequently filed a motion for post-conviction relief in state district court on June 7, 1996 (supplemented on June 18, 1996), arguing ineffective assistance of trial counsel. The district court rejected his claims and denied the motion. On July 22, 1999, the Colorado Court of Appeals affirmed the denial.

On August 30, 1999, Mr. Coleman wrote a state district court judge a letter, apparently containing additional claims. On October 6, 1999, a different state court judge, construing the letter as an application for post-conviction relief, denied it as legally insufficient on its face.

On November 20, 2002, Mr. Coleman filed a pro se motion to vacate illegal sentence in state court. He later withdrew this motion on April 30, 2003.

On November 9, 2004, Mr. Coleman filed another pro se motion in state court seeking to vacate his allegedly illegal sentence. He raised a number of claims, including incompetency at trial due to forced medication; insufficiency of the evidence; faulty jury instructions; compelled testimony; prosecutorial misconduct in closing argument at his trial; a claim under *Blakely v. Washington*, 542 U.S. 296 (2004); and denial of equal protection. The district court denied this motion on November 24, 2004. On March 22, 2007, the Colorado Court of Appeals affirmed the denial. Mr. Coleman filed his federal habeas petition on June 25, 2009.

## ANALYSIS

### 1. One-Year Limitation Period

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to habeas petitions brought by prisoners in custody pursuant to state court judgments. Generally, this limitation period runs from the latest of the date on which the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In Mr. Coleman's case, the district court reasoned that the limitations period began to run on May 6, 1996, the end of the forty-six day period during which he could have sought, but did not seek, certiorari review in the Colorado Supreme Court

after the Colorado Court of Appeals affirmed his conviction.[1]  *See*

C.A.R. 52(b)(3) (2009).  Thus, the district court reasoned, absent tolling or other

extension of the deadline, his § 2254 petition was due on or before May 6, 1997.

But this calculation rests on an error.  Although the Colorado Appellate

Rules *currently* provide for a forty-six day period for seeking state certiorari, this

was not the case when the Colorado Court of Appeals denied Mr. Coleman's

appeal in 1996.  At that time, the Colorado Appellate Rules required the petitioner

to first seek rehearing in the Court of Appeals before filing a petition for a writ of

certiorari.  C.A.R. 52(b) (1996).  The petitioner had thirty days from the denial of

rehearing to seek certiorari.  *Id.*

There is no evidence that Mr. Coleman filed such a rehearing petition with

the Court of Appeals.  He had fourteen days to do so from the entry of the Court

of Appeals' judgment.  C.A.R. 40 (1995).  Regardless of whether Mr. Coleman's

conviction became "final" for § 2244(d) purposes fourteen days after the Court of

Appeals issued its opinion (April 4, 1996; the date on which the time for "seeking

further review" expired) or on the date that the Court of Appeals issued its

---

[1]     Normally, direct review of a criminal conviction includes the time
necessary to file a United States Supreme Court petition for certiorari.  *See Locke
v. Saffle*, 237 F.3d 1269, 1271-73 (10th Cir. 2001).  Mr. Coleman, however, could
not have sought United States Supreme Court review because he failed to file for
certiorari before the Colorado Supreme Court.  *See* 28 U.S.C. § 1257(a) (limiting
United States Supreme Court certiorari jurisdiction to "[f]inal judgments or
decrees rendered by the highest court of a State in which a decision could be
had").

mandate (April 8 or 9, 1996, the day direct review was "concluded"), his federal habeas petition is still untimely.

In either case, Mr. Coleman's conviction became final before April 24, 1996, the effective date of AEDPA. When a petitioner's conviction became final before AEDPA was effective, a special rule applies. "[T]he one-year statute of limitation does not begin to run until April 24, 1996," *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998), requiring that the petition be filed before April 24, 1997, unless tolling is applicable, *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Mr. Coleman's petition was therefore due on or before April 24, 1997.

## 2. Statutory Tolling

The one-year limitations period is tolled, however, whenever a properly-filed state post-conviction motion is pending. *See* 28 U.S.C. § 2244(d)(2). Accordingly, the one-year clock was suspended beginning on June 7, 1996, when Mr. Coleman filed his first post-conviction motion for sentence reconsideration. It remained suspended until September 30, 1999, when the Colorado Court of Appeals issued its mandate affirming the denial of his motion. As of that date, the clock had run for forty-three days between April 24,

1996 and June 7, 1996, leaving Mr. Coleman 322 days in which to file his § 2254 petition.[2]

Mr. Coleman's limitations period began running again on October 1, 1999. It expired 322 days later, on August 17, 2000. His post-conviction motions subsequent to that date did not toll the time for filing his § 2254 petition, because the statutory period had already lapsed. Thus, Mr. Coleman's petition was due on or before August 17, 2000. But he did not file this petition until June 25, 2009, nearly *nine years* too late.

In his brief and application for COA, Mr. Coleman makes a number of arguments against the application of the time bar. He argues that since his claims are constitutional, no time bar can apply to them; that the one-year limitations statute constitutes an unconstitutional "suspension" of the writ of habeas corpus; that application of the one-year limitations period offends traditional notions of comity; that application of an invalid law creates an unending violation that cannot be subject to a one-year limitations period; that the one-year period began

---

[2]     Mr. Coleman subsequently filed several other post-conviction motions. Only one of these, however, was arguably filed during the statutory tolling period:  his letter to a district court judge on August 30, 1999. The letter is not in the record; it is only referenced on a state court docket sheet. But to the extent it could even be considered a request for post-conviction relief, the state district court denied it as insufficient on its face on October 6, 1999. In view of this judicial determination of insufficiency, the letter was likely not a "properly filed application for state post-conviction relief" that would further extend the time for filing Mr. Coleman's § 2254 petition. *See* § 2244(d)(2). Even if the letter served as a tolling motion, however, the extension of approximately five weeks of disposition time would not help him.

at a later date than we have specified because he could not discover some of his claims until after the deadline had passed; and that he was hindered by various prison conditions and injuries from filing his petition sooner. Having carefully examined these arguments in light of the applicable law, we find none of them warrants issuance of a COA under the standards we have outlined above.

## CONCLUSION

Mr. Coleman has not met the requirements for a COA. We therefore DENY his application for a COA and DISMISS this appeal. His motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Jerome A. Holmes
Circuit Judge