**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL GARRETT,

      Petitioner–Appellant,

v.

RICK RAEMISCH, Exec. Director
Colorado Dept. of Corrections;
FRANCES FALK, Warden, Limon
Correctional Facility; JOHN SUTHERS,
Attorney General, State of Colorado,

      Respondents–Appellees.

No. 14-1205
(D.C. No. 1:13-CV-01379-MSK)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

      Michael Garrett seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Garrett was convicted in Colorado state court of first degree murder and violation of a restraining order. He was sentenced to life in prison. The Colorado Court of Appeals affirmed his convictions on direct appeal and the Colorado Supreme Court denied certiorari. Garrett then sought state post-conviction relief, which was denied by the trial court and on appeal. The Colorado Supreme Court also denied certiorari as to his post-conviction motion.

Garrett then filed a counseled § 2254 petition in federal court asserting numerous claims. The district court concluded that several of his claims were procedurally barred and accordingly dismissed them. It considered and rejected Garrett's remaining claims on the merits. The district court also denied a COA. Garrett now seeks a COA from this court.

# II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Garrett must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

To obtain relief under § 2254, a petitioner must show that the state courts' adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1), (2). In other words, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

**A**

Garrett contends that we should grant a COA on an ineffective assistance of counsel claim. However, Garrett does not explain how his counsel was ineffective, or otherwise describe the basis of this claim. The only ineffective assistance of counsel claim identified by the district court was dismissed as procedurally barred. Yet Garrett does not advance any reasoned argument challenging the district court's procedural ruling. See Slack, 529 U.S. at 478 (if a "district court denies a habeas petition on procedural grounds," petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Accordingly, this claim is waived. See LaFevers v. Gibson, 182 F.3d 705, 725 (10th Cir. 1999) ("Issues adverted to in a perfunctory manner and without developed argumentation are deemed waived on

-3-

appeal.").[1]

**B**

Garrett also argues that the admission of hearsay evidence that he had threatened and assaulted the victim violated his rights under the Confrontation Clause and the Due Process Clause.

The Colorado Court of Appeals rejected Garrett's Confrontation Clause argument under the doctrine of "forfeiture by wrongdoing." Because it was undisputed that Garrett killed the victim, thus preventing her from testifying, the court held that he forfeited his Confrontation Clause rights. Garrett correctly notes that the Supreme Court rejected this version of the forfeiture by wrongdoing doctrine on June 25, 2008, when it decided Giles v. California, 554 U.S. 353 (2008). In Giles, the Court held that the doctrine applies only upon "a showing that the defendant intended to prevent a witness from testifying." Id. at 361. However, to obtain § 2254 relief, Garrett must show that the state court decision contravened "a rule of law that was clearly established at the time his state-court conviction became final." Williams v. Taylor, 529 U.S. 362, 390 (2000). The Giles decision does not provide such a rule because it was issued after Garrett's conviction became final. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that convictions become final "after the time for filing a petition for certiorari with the

_____

[1] In Garrett's cursory and unexplained argument, he asserts that the state trial court ruled in his favor on an ineffective assistance claim. The record does not support this assertion.

-4-

Supreme Court has passed" (quotations omitted)).  Garrett's conviction became final 90 days after September 10, 2007, which was well before <u>Giles</u> was decided on June 25, 2008.  <u>See</u> Sup. Ct. R. 13(1).

Recognizing that <u>Giles</u> is insufficient, Garrett argues that the operative rule was clearly established by <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  That case notes briefly that "the rule of forfeiture by wrongdoing (which we accept) extinguishes confrontation claims on essentially equitable grounds."  <u>Id.</u> at 62.  But <u>Crawford</u> falls far short of establishing beyond fairminded disagreement that the doctrine applies only when a defendant intended to prevent a witness from testifying.  Garrett also cites <u>Davis v. Washington</u>, 547 U.S. 813 (2006), in which the Court referenced the doctrine but expressly took "no position on the standards necessary to demonstrate such forfeiture."  <u>Id.</u> at 833.  In addition to Supreme Court cases, Garrett cites several state cases applying a more limited version of the forfeiture by wrongdoing doctrine, including cases from Colorado.  But these authorities merely demonstrate that inferior courts were divided on the issue.  <u>See, e.g.</u>, <u>United States v. Garcia-Meza</u>, 403 F.3d 364, 370 (6th Cir. 2005) (rejecting specific intent requirement post-<u>Crawford</u>).  Because Garrett has not shown that the state court's application of the forfeiture by wrongdoing doctrine was an unreasonable application of clear Supreme Court precedent as it existed when his

conviction became final, he is not entitled to relief on his Confrontation Clause claim.[2]

Garrett's due process claim fails for the same reason. He cites Colorado cases in arguing that the hearsay should not have been admitted under state rules of evidence. But "[f]ederal habeas review is not available to correct state law evidentiary errors." Smallwood, 191 F.3d at 1275. In extreme cases, if "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." Payne v. Tennessee, 501 U.S. 808, 825 (1991). The Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly" to include only "fundamental conceptions of justice which lie at the base of our civil and political institutions." Dowling v. United States, 493 U.S. 342, 352 (1990) (quotation omitted).

The Colorado Court of Appeals concluded that many of the statements at issue were admissible to show that the victim feared Garrett (which was relevant to Garrett's theory of self-defense). It held that other hearsay statements should not have been admitted under state rules of evidence, but that the error was harmless because the

---

[2] Garrett suggests that appellate counsel was ineffective for failing to adequately argue this issue. Because this claim of ineffective assistance was not advanced below, we will not consider it. See Fairchild v. Workman, 579 F.3d 1134, 1144 (10th Cir. 2009) ("[W]e ordinarily do not decide issues raised for the first time on appeal.").

In addition, Garrett argues the state waived the theory of forfeiture by wrongdoing on direct appeal. But he does not identify how this alleged waiver implicates a federal constitutional right. See Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999) (relief under § 2254 "is limited to violations of constitutional rights").

statements were cumulative to other properly admitted evidence showing that Garrett had threatened and assaulted the victim. Garrett does not direct us to Supreme Court precedent making these determinations unreasonable.

## C

In addition to the hearsay evidence discussed supra, Garrett contends that evidence of prior bad acts violated his due process rights. This other evidence is similarly related to prior threats and assaults. The state court rejected this argument, concluding that the evidence was relevant to establish Garrett's animosity toward the victim and to rebut his self-defense claim. Given the centrality of these issues to the case, the state court further concluded the evidence was not unduly prejudicial. Garrett contends that these rulings were erroneous under state law, but does not direct us to any federal law with which they are inconsistent. Again, this failing precludes § 2254 relief. See Smallwood, 191 F.3d at 1275.

## D

Garrett also claims that his right to a fair trial was impaired by prosecutorial misconduct. "[A] prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." Parker v. Matthews, 132 S. Ct. 2148, 2153 (2012) (per curiam) (quotation omitted). Because this "standard is a very general one," it leaves "courts more leeway in reaching outcomes in case-by-case determinations." Id. at 2255

(quotation and ellipses omitted).

In her closing argument, the prosecutor stated that Garrett knew the victim's gun had the safety on. Garrett objected to this misstatement, and the court admonished the jury that the prosecutor's remarks were not evidence and that jurors should rely on their own recollections. Garrett further complains that the prosecutor improperly referred to evidence admitted for a limited purpose in order to inflame the jury, personally vouched for the victim by stating "we believe" and "I can guarantee," and goaded Garrett during cross-examination.

The Colorado Court of Appeals concluded that the prosecution misheard Garrett's testimony that the gun was "unsafe" as "on safe." It further held that the remaining instances of alleged misconduct did not render Garrett's trial fundamentally unfair. Garrett has neither shown that these holdings were unreasonable nor that the prosecutor's statements were comparable to those that the Supreme Court has determined <u>do</u> render a trial fundamentally unfair. <u>See</u> <u>id.</u> (noting that the Court has denied habeas relief for prosecutorial misconduct claims based on "considerably more inflammatory" conduct).[3]

---

[3] Garrett further claims that if the prosecution truly misheard Garrett's testimony, the jury may have done the same because of poorly functioning audio equipment at trial. He claims that this defect would violate his right to testify, and that counsel was ineffective for failing to make an adequate record of the audio issues. The district court dismissed both claims as procedurally barred, and Garrett does not advance any argument challenging that ruling. <u>See</u> <u>Slack</u>, 529 U.S. at 478 (if a "district court denies a habeas petition on procedural grounds," petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

**E**

Lastly, Garrett argues that the prosecutor improperly struck potential jurors on the basis of race.  See Batson v. Kentucky, 476 U.S. 79 (1986).  The Colorado Court of Appeals rejected this claim.  Garrett argues that the trial court impermissibly allowed race-based strikes by the prosecutor because Garrett had also excused minority veniremen.  However, the district court explained that "[t]he only thing [it] was trying to demonstrate" in noting that defense counsel had excused minorities from the jury was that the panel had a "short supply" of such candidates independent of the prosecutor's actions.

Garrett also asserts that the trial court simply accepted the prosecutor's proffered explanation for two strikes, and that the prosecutor failed to offer any reason for two others.  These assertions are incorrect.  Of the four potential jurors identified in defense counsel's Batson challenge, one had actually been struck by the defense (and, unsurprisingly, the prosecutor offered no reason for this strike).  As to the other three potential jurors, the trial court found that the prosecutor's race-neutral explanations were supported by the record.  The Colorado Court of Appeals upheld this conclusion on Garrett's direct appeal.  Garrett has not shown that this finding was unreasonable.[4]

---

[4] Garrett also argues that the alleged Batson error was "compounded" because the trial court denied him a hearing on his challenge to the composition of the overall jury pool.  To the extent this argument can be construed as a separate claim, it is procedurally

Continued . . .

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

barred because the Colorado Court of Appeals concluded that it should have been raised on direct appeal.