FILED
United States Court of Appeals
Tenth Circuit

March 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH SAUL NEWLAND,

      Petitioner - Appellant,

v.

TRAVIS TRANI; LOU ARCHULETA;
CYNTHIA COFFMAN, Attorney General
of the State of Colorado,

      Respondents - Appellees.

No. 17-1046
(D.C. No. 1:16-CV-02642-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

    Joseph Newland seeks a certificate of appealability to challenge the district

court's dismissal of his 28 U.S.C. § 2254 motion as time-barred. Because Newland

fails to demonstrate "that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling," we deny Newland's request for a COA

and dismiss the appeal. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    On August 21, 2007, a Colorado jury convicted Newland of one count of first-

degree murder. The Colorado Court of Appeals affirmed Newland's conviction on

direct appeal, and the Colorado Supreme Court denied Newland's petition for writ of

_____

[*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
*See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

certiorari on March 21, 2011. Because Newland didn't seek review by the United States Supreme Court, his conviction became final on June 20, 2011. *See Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001); *see also* Sup. Ct. R. 13.1, 30.1.

Newland then filed two state postconviction motions: one on July 7, 2011, and the other on October 20, 2011. The state district court denied both on November 16, 2011. Newland didn't appeal. Instead, on December 30, 2011, Newland filed his first motion for federal postconviction relief under § 2254. The federal district court dismissed that motion for failure to exhaust state remedies. Newland then filed a petition for writ of habeas corpus in the United States Supreme Court, which denied the petition.

On May 18, 2015, Newland filed another motion for state postconviction relief. The state district court denied the motion on June 1, 2015. Again, Newland didn't appeal. Instead, on June 29, 2015, he filed a motion under Rule 35 of the Colorado Rules of Criminal Procedure. The state district court denied Newland's Rule 35 motion on July 22, 2015, and the Colorado Court of Appeals affirmed on August 11, 2016.

Finally, on October 24, 2016, Newland filed the instant § 2254 motion. There, Newland raised a single claim: he alleged that his conviction violates both the United States Constitution and the Colorado Constitution because Colorado initiated the criminal proceedings against him via a complaint and information, rather than by empaneling a grand jury and obtaining an indictment.

Without addressing the merits of this constitutional claim, the district court dismissed Newland's § 2254 motion as time-barred. Specifically, the court concluded that (1) 28 U.S.C. § 2244(d)(1)'s one-year time period for filing a § 2254 motion began to run when Newland's conviction became final on June 20, 2011; (2) the 16 days that elapsed between June 20, 2011, and July 7, 2011, counted against the one-year time period; (3) under § 2244(d)(2), Newland's July 7, 2011 motion for state postconviction relief tolled the one-year time period until January 3, 2012—the date on which Newland's time for appealing the district court's November 16, 2011 order denying his July 7 motion expired; (4) when the one-year time period began to run again on January 3, 2012, only 349 days remained for filing; (5) none of Newland's other state or federal postconviction motions tolled the one-year time period; (6) the one-year time period therefore expired in December 2012; and (7) Newland wasn't entitled to equitable tolling, thus rendering untimely the § 2254 motion he filed on October 24, 2016. Finally, the district court refused to issue a COA and denied Newland's motion to proceed IFP on appeal.

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, a petitioner seeking a COA must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

3

In requesting a COA, Newland doesn't take issue with the district court's conclusion that he isn't entitled to equitable tolling. Instead, Newland asserts only that the district court's statutory-tolling ruling is debatable or wrong. In support, he advances three arguments.

First, Newland argues that he timely filed his June 29, 2015 Rule 35 motion, and that the district court therefore erred in failing to toll the one-year time period while his Rule 35 motion was pending. *See* § 2244(d)(2) (stating that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" doesn't count toward § 2244(d)(1)'s one-year time period).

But as the district court pointed out below, Newland didn't file his Rule 35 motion until June 2015. And by then, § 2244(d)(1)'s one-year time period had long since expired. Thus, even assuming Newland timely filed his Rule 35 motion, that motion didn't trigger § 2244(d)(2)'s tolling provision. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year . . . will toll the statute of limitations.").

Next, Newland asserts that his first § 2254 motion, which he filed on December 30, 2011, tolled the one-year time period. But as the district court noted, "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of" § 2244(d)(2). R. vol. 1, 239 (quoting *Duncan v. Walker*, 533 U.S. 167, 181 (2001)). Accordingly,

4

§ 2244(d)(2) didn't "toll the limitation period during the pendency of [Newland's] first federal habeas petition." *Walker*, 533 U.S. at 181-82.

Finally, Newland complains that the district court impermissibly "sidestep[ped]" the underlying constitutional question by dismissing his motion on procedural grounds. Aplt. Br. 4. But *Slack* explicitly contemplates this option. *See* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). And because we likewise conclude that we can "dispose of" Newland's request for a COA "in a fair and prompt manner" on the same procedural grounds, we too decline to analyze the merits of Newland's underlying constitutional claim. *See id.* at 484-85.

Newland fails to demonstrate "that jurists of reason would find it debatable whether the district court was correct" in dismissing his § 2254 motion as time-barred. *Id.* at 484. Accordingly, we deny a COA and dismiss the appeal. As a final matter, we grant Newland's motion to proceed IFP.

Entered for the Court


Nancy L. Moritz
Circuit Judge

5