FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LUTHER W. JOHNSON, III,

    Petitioner - Appellant,

v.

DAN SCHNURR,

    Respondent - Appellee.

No. 22-3004
(D.C. No. 5:21-CV-03211-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Petitioner Luther W. Johnson III, proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. Because the district court denied his petition as time-barred, to obtain a

COA, Johnson must show that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court's procedural

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Johnson is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

ruling is not reasonably debatable, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA and dismiss the matter.

A state prisoner must file a 28 U.S.C. § 2254 petition within one year of the state court's judgment becoming final. *See* 28 U.S.C. § 2244(d)(1). The limitations period is tolled when there is "a properly filed application for State post-conviction or other collateral review" pending. *Id.* § 2244(d)(2).

Johnson's state-court judgment became final on November 3, 2016—when the 90-day period for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The statutory period ran for 298 days until Johnson filed his first state post-conviction motion on August 29, 2017. That motion was denied on March 27, 2018, and because Johnson didn't timely appeal, the clock started running again 30 days later on April 28, 2018. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005). The limitations period expired 67 days later on July 4, 2018. But Johnson did not file his habeas petition until September 7, 2021—more than three years too late.

On appeal, Johnson argues that he is "entitled to statutory tolling for the fourteen (14) month interval" between when he filed his second state post-conviction motion on August 12, 2020 and his habeas petition on September 7, 2021. Opening Br. at 3. But even if that were true, that still leaves nearly two years of un-tolled time unaccounted for. All the other statutory tolling arguments that Johnson makes are similarly meritless and primarily focus on the merits of his habeas petition.[2]

---

[2] Johnson does not argue that he is entitled to equitable tolling or claim actual innocence.

We therefore conclude that reasonable jurists could not debate that the district court was correct to dismiss Johnson's habeas petition as time-barred. Thus, we deny his request for a COA and dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge