**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE MANUEL DIAZ,

    Petitioner - Appellant,

v.

STEVEN HARPE,

    Respondent - Appellee.

No. 23-5105
(D.C. No. 4:22-CV-00457-TCK-SH)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Jose Manuel Diaz's pro se request for a

certificate of appealability ("COA"). Diaz seeks a COA so he can appeal the

district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas

petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a

final order denying habeas corpus relief unless the petitioner first obtains a

COA); *id.* § 2244(d) (setting out a one-year statute of limitations as to habeas

corpus petitions). Because Diaz has not "made a substantial showing of the denial

_____

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In his § 2254 habeas petition, Diaz seeks to challenge his 2018 Oklahoma state conviction for assault and battery with a deadly weapon.[1] Relying on the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Diaz challenges the validity of his convictions. The district court dismissed Diaz's petition as untimely, 28 U.S.C. § 2244(d)(1), concluding Diaz was not entitled to either statutory or equitable tolling.

Diaz seeks a COA so he can appeal the district court's dismissal of his § 2254 petition. To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

---

[1]On January 11, 2018, an Oklahoma state jury convicted Diaz of violating Okla. Stat. tit. 21, § 652(C) (2011). Diaz was sentenced to thirty years' imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence in an unpublished opinion on August 29, 2019. Diaz sought post-conviction relief in state court via a June 15, 2021, application for post-conviction relief. He argued Oklahoma lacked "jurisdiction" over his crime. The state trial court denied relief on July 21, 2021. Diaz filed an untimely appeal from this order; the OCCA issued an order declining jurisdiction on October 18, 2021. Nearly three months later, Diaz sought a recommendation for an out-of-time appeal. The state trial court concluded a late appeal was unwarranted. The OCCA issued an order denying Diaz's request on August 1, 2022.

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Diaz has not made the requisite showing.

As this court's recent decisions make clear, *McGirt*'s focus on a question of federal-versus-state jurisdiction does not alter the conclusion that the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(D)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions. *Warnick v. Harpe*, No. 22-5042, 2022 WL 16646708, at *2-3 (10th Cir. Nov. 3, 2022); *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022)[2]; *Pacheco v. El Habti*, 62 F.4th 1233, 1240-41 (10th Cir. 2023). Furthermore, Diaz conceded in the district court that he is not entitled to statutory tolling pursuant to § 2244(d)(2). Thus, pursuant to § 2244(d)(1)(A), the limitations period ran unabated from November 28, 2019,[3] until it expired one year later, on November 30, 2020. Thus, the district court's conclusion that Diaz's instant § 2254 petition, filed on October 14, 2022, is untimely is not reasonably debatable.

In addition, no reasonable jurist could conclude the district court acted outside the bounds of its substantial discretion in ruling that Diaz's lack of

---

[2]This court recognizes that *Warnick* and *Owens* are unpublished and, thus, not binding precedent. Nevertheless, the analyses set out therein are completely persuasive and this panel adopts them in their entirety. *See* Tenth Cir. R. 32.1.

[3]On this date, the ninety-day period for seeking a writ of certiorari from the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).

diligence, together with his inability to demonstrate the existence of exceptional circumstances, foreclosed his claimed entitlement to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (noting equitable tolling is available in rare circumstances, but concluding a petitioner must demonstrate reasonable diligence to be entitled to its benefits); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir 2003) (holding that this court reviews a district court decision on equitable tolling for abuse of discretion). Nor could a reasonable judge debate the district court's conclusion that Diaz's merits-based jurisdictional arguments do not implicate "actual innocence." *Pacheco*, 62 F.4th at 1241-46 (explaining at length why arguments about a lack of state court jurisdiction do not implicate the actual-innocence doctrine).

Diaz's request for a COA is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge