**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN N. DAVIS,

      Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

      Respondent-Appellee.

No. 13-6008
(D.C. No. 5:12-CV-00564-C)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

Stephen Davis, an Oklahoma state prisoner proceeding pro se,[1] requests a certificate of appealability (COA). We deny his request for COA, deny his motion to proceed in forma pauperis (ifp), and we dismiss this matter.

**I**

On November 7, 2003, Stephen Davis was convicted by a jury of first degree rape, first degree burglary, indecent exposure, and outraging public decency. He was

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] Because Davis proceeds pro se, we interpret his filings liberally. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).

sentenced to fifty years for rape, seven years for burglary, one year for indecent exposure, and a fine of $500 for outraging public decency. He filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his conviction on May 4, 2005. Davis did not seek review with the Supreme Court. On July 15, 2011, Davis filed an application for postconviction relief with the state trial court, and the state trial court denied his application on September 23, 2011. Davis appealed the denial, and on December 14, 2011, the OCCA dismissed his appeal for lack of jurisdiction. On July 27, 2012, Davis filed a second application for postconviction relief with the state trial court, and the state trial court denied his application on February 1, 2012. The OCCA affirmed the state trial court's denial of postconviction relief on April 12, 2012.

On May 17, 2012, Davis filed a petition for habeas corpus pursuant to 28 U.S.C. § 2554 in the Western District of Oklahoma. The district court denied his petition, finding that it was time-barred under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Davis appeals from the district court's denial of his § 2254 petition. He also filed a motion to proceed ifp.

## II

A COA is a jurisdictional pre-requisite to our review of the district court's denial of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). We may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). This standard requires a "showing that reasonable

2

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Where, as here, the district court denies a habeas petition on procedural grounds, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. No appeal is warranted "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case." Id.

Under AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244 (d)(1)(A). The limitations period typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. Here, Davis did not seek direct review with the Supreme Court, but he had ninety days after the OCCA entered judgment on his direct appeal to file a certiorari petition. See 28 U.S.C. § 2101(c). After the expiration of the ninety-day period, his conviction became final for purposes of § 2244 (d)(1)(A). Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time

3

for filing a petition for certiorari with the Supreme Court has passed." (quotation omitted)).

The OCCA, Oklahoma's court of last resort in this criminal case, affirmed Davis's conviction on May 4, 2005, which means that his conviction became final ninety days later, on August 2, 2005. Thus, the one-year limitations period would have ended on August, 2, 2006. However, Davis did not file his § 2254 petition with the district court until May 17, 2012, well after the one-year limitations period has expired. Davis does not argue that the one-year limitations period should be tolled, and after reviewing the record, we do not identify any reason why the limitations period should be tolled.[2] We conclude that Davis's § 2254 petition is time-barred.

## III

Accordingly, we deny Davis's request for a COA, deny his motion to proceed ifp, and we dismiss this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[2] The one-year limitations period is tolled when a petitioner seeks postconviction relief with the state court. See 28 U.S.C. § 2244(d)(2). However, both of Davis's applications for postconviction relief in state court were filed after the expiration date of the one-year limitations period under AEDPA. As a result, his applications for postconviction relief with the state court do not affect the calculation of the one-year limitations period.