**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD DELBERT HATHMAN,

Petitioner - Appellant,

v.

ROBERT PATTON, Director,

Respondent - Appellee.

No. 16-6016
(D.C. No. 5:14-CV-01171-F)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Ronald Hathman, a state prisoner appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(2). The district court, upon a report and recommendation by a magistrate judge, concluded that Mr. Hathman's petition was time-barred. Hathman v. Patton, No. CIV-14-1171-F, 2015 WL 8784657 (W.D. Okla. Dec. 15, 2015). Because the district court denied his petition on a procedural ground, Mr. Hathman must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because we determine the district court's decision that Mr. Hathman's petition is time-barred is not reasonably debatable, we deny a COA and dismiss the appeal.

Mr. Hathman was convicted in state court of trafficking in illegal drugs after two prior convictions. He was sentenced to 40 years' imprisonment. He appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals, which affirmed on September 14, 2011. He did not file a petition for certiorari. Thus his conviction became final on December 13, 2011. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). His one-year limitations period was tolled from June 14, 2012, through January 13, 2014, while his state court post-conviction application was pending. I R. at 53. The limitations period expired July 16, 2014. Id. Mr. Hathman filed this federal action on October 24, 2014. Id. at 53–54; Hathman, 2015 WL 8784657, at *1 (noting that petitioner does not object to magistrate's conclusions regarding timing).

Even construing Mr. Hathman's arguments in his opening brief liberally, he has made no attempt to argue that the district court's procedural ruling is debatable. Though he argues repeatedly the merits of his constitutional claims, this does not obviate the statutory time constraints on filing. While equitable tolling can apply to the one-year limitation period "in rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted), it requires a showing that (1) the petitioner

was diligently pursuing his rights and (2) an extraordinary circumstance prevented his timeliness, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). On appeal, Mr. Hathman fails to address either requirement. Nor has he established his entitlement to an exception to the deadline by making "a credible showing of actual innocence" based on new evidence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). Such a showing requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Mr. Hathman cites no newly discovered evidence that would tend to show actual innocence.

Because it is not reasonably debatable that Mr. Hathman's petition is time-barred, we deny a COA and dismiss the appeal as untimely.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge