**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERRY D. SELLERS,

    Petitioner - Appellant,

v.

DON LANGFORD,

    Respondent - Appellee.

No. 21-3027
(D.C. No. 5:19-CV-03136-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Jerry Sellers, a Kansas state prisoner proceeding pro se, filed a habeas petition under

28 U.S.C. § 2254 in the District of Kansas challenging his conviction for indecent liberties

with a child.  The district court dismissed Sellers's habeas application as time-barred and

denied a certificate of appealability ("COA").  Now, Sellers seeks a COA from this court.

If the district court dismisses a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claims, a COA will issue when the

petitioner shows "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right" *and* "jurists of reason would find it

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we will hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

For the reasons explained below, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Sellers's claims are untimely under 28 U.S.C. § 2244(d). Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Sellers's application for a COA and dismiss this appeal.

\* \* \*

A petitioner must generally seek habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). That one-year limitation period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). In addition, we may toll the one-year limitation period "in rare and exceptional circumstances," such as when a petitioner is actually innocent, when an adversary's conduct or uncontrollable circumstances prevent timely filing, or when a petitioner actively pursues judicial remedies but filed a defective pleading during the statutory period. *See Gibson*, 232 F.3d at 808 (internal citations omitted).

Here, Sellers's convictions became "final" on October 7, 2010, when the time for him to seek certiorari review with the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001). The limitation period ran until Sellers filed

2

his first motion for post-conviction relief, a motion to withdraw his plea, on April 19, 2011. At that point, Sellers had 172 days remaining on the limitation period. Shortly thereafter, Sellers also filed a motion for relief under Kan. Stat. Ann. § 60-1507. The limitation period remained tolled during the resolution of those motions. The Kansas Supreme Court denied review of Sellers's motion to withdraw his guilty plea on June 21, 2016, and his § 60-1507 motion on July 22, 2016. While Sellers filed a second motion under § 60-1507, this motion did not toll the limitation period because it was untimely. Accordingly, the limitation period began running again on July 22, 2016, and expired on January 10, 2017.

On appeal, Sellers offers two arguments to overcome the untimeliness of his petition. First, he argues the limitation period should have been tolled during the resolution of his second motion under § 60-1507. Second, he contends he is actually innocent. Both arguments are without merit.

First, where a post-conviction motion is untimely, the motion is not "properly filed" and does not toll the limitation period for habeas purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Sellers's second § 60-1507 motion was time-barred under the statute and therefore not "properly filed." Section 60-1507 requires a prisoner to file the motion within one year of the conclusion of his direct appeal. Kan. Stat. Ann. § 60-1507. Sellers did not file his second § 60-1507 motion until July 13, 2016, well beyond one year after the conclusion of his direct appeal. The motion was thus untimely and did not toll the limitation period for Seller's habeas petition.

Second, when a petitioner seeks equitable tolling on the grounds of actual innocence, he "must establish that, in light of new evidence, 'it is more likely than not that

3

no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The petitioner must show "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not [previously available.]" *Id.* at 537 (quoting *Schlup*, 513 U.S. at 324). Sellers does not carry this burden. While he attacks the sufficiency of the evidence underlying his decision to plea, he does not show that, more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt. He also does not present any exculpatory evidence that was not previously available. Accordingly, Sellers does not carry his burden to show the one-year limitation period should be tolled under the "demanding" actual innocence standard. *See House*, 547 U.S. at 538.

\* \* \*

For these reasons, no reasonable jurist could conclude the district court's procedural ruling was incorrect. We therefore deny Sellers's application for a COA and dismiss this appeal.

<div style="margin-left:50%">

Entered for the Court


Bobby R. Baldock
Circuit Judge

</div>