FILED
United States Court of Appeals
Tenth Circuit

May 10, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AZLEN ADIEU FARQUOIT MARCHET,

    Petitioner - Appellant,

v.

ROBERT POWELL, Utah State Prison
Warden,

    Respondent - Appellee.

No. 20-4113
(D.C. No. 2:18-CV-00577-TS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

    Azlen Marchet, a Utah state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A). He also seeks

_____

    [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. Marchet is pro se, we construe his filings liberally, but we do not
act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

leave to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I.  **BACKGROUND**

On November 5, 2010, a Utah district court sentenced Mr. Marchet to fifteen years to life in prison on each of two aggravated sexual assault convictions.  {ROA, Vol. II at 187.}  On September 27, 2012, the Utah Court of Appeals upheld his convictions on direct appeal.  *State v. Marchet*, 287 P.3d 490 (Utah Ct. App. 2012).  On December 13, 2012, the Utah Supreme Court denied certiorari.  *State v. Marchet*, 293 P.3d 376 (Utah 2012).  Mr. Marchet did not seek certiorari from the United States Supreme Court.

On December 9, 2013, Mr. Marchet filed a petition for post-conviction relief. {ROA, Vol. III at 5.}  On March 21, 2017, the state district court dismissed that petition. The Utah Court of Appeals affirmed.  {*Id.* at 210, 254.}  On January 31, 2018, the dismissal became final when the Utah Supreme Court denied Mr. Marchet's petition for a writ of certiorari.  {*Id.* at 15.}

On July 19, 2018, Mr. Marchet filed a habeas petition in the federal district court under 28 U.S.C. § 2254.  {ROA, Vol. I at 6.}  On May 9, 2019, he filed an amended petition.  {*Id.* at 185.}  On the state's motion, the district court dismissed Mr. Marchet's petition because he filed it outside of the one-year limitations period.  {ROA, Vol. III at 284.}

## II.  **DISCUSSION**

### A.  *Legal Background*

Before we may exercise jurisdiction over Mr. Marchet's appeal, he must obtain

COAs for the issues he wishes to raise.  *See* 28 U.S.C. § 2253(c)(1)(A), (c)(3).  Where, as

here, the district court dismissed the § 2254 application on procedural grounds, we will

grant a COA only if the applicant can demonstrate both "that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

State prisoners must file their § 2254 applications within one year of the day "the

judgment [of the state court] became final by the conclusion of direct review or the

expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  This period

is tolled while a state post-conviction petition is pending.  *Id.* § 2244(d)(2).

### B.  *Analysis*

#### 1.  **Statute of Limitations**

The Utah Supreme Court denied certiorari on Mr. Marchet's direct appeal on

December 13, 2012.  Mr. Marchet did not seek certiorari from the United States Supreme

Court.  The time for seeking such review expired after ninety days, on March 13, 2013.

Sup. Ct. R. 13.1.  Mr. Marchet's conviction therefore became "final" for purposes of

§ 2244(d)(1) on March 13, 2013, and the limitations period for federal habeas relief

began to run on that date.  *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).

But on December 9, 2013, Mr. Marchet filed a state petition for post-conviction

3

relief. This tolled the limitation period under § 2244(d)(2), with 271 days having elapsed and 94 days remaining. The period began to run again when the Utah Supreme Court denied certiorari on Mr. Marchet's state post-conviction petition on January 31, 2018.[2] The remaining 94 days expired on May 7, 2018.[3] When Mr. Marchet filed his § 2254 petition on July 19, 2018, it was therefore untimely.

2. **Equitable Tolling**

Mr. Marchet argues the one-year period of limitations should be equitably tolled, claiming the district court "lost" an earlier § 2254 petition that he attempted to file in March 2017, well before the May 7, 2018 deadline.[4] Aplt. Br. at 1. A § 2254 petitioner is "entitled to equitable tolling only if he shows that (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "Equitable tolling is a rare remedy to be applied in unusual circumstances. An

_____

[2] Section 2242(d)(2) does not toll § 2241(d)(1)'s limitation period during the pendency of a petition for certiorari to the United States Supreme Court, or during the period of time in which a petitioner can file a petition for a writ of certiorari. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Mr. Marchet did not seek certiorari from the United States Supreme Court.

[3] Ninety-four days after January 31, 2018 was Saturday, May 5. The limitations period therefore continued to run until the end of the day on Monday, May 7. Fed. R. Civ. P. 6(a)(1)(C).

[4] The district court characterized this as an argument that Mr. Marchet's petition was in fact filed within the applicable statute of limitations, not as an argument for equitable tolling. {ROA, Vol. III at 286.} Regardless of how the argument is construed, the result is the same.

4

inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (citation, quotations, and alteration omitted).

Mr. Marchet has failed to meet that burden. He relies solely on two pages of United States Post Office "Tracking Results" to support his contention that his § 2254 petition was delivered to the district court in March 2017. {ROA, Vol. III at 279-83.} But as the district court noted, the tracking information provided by Mr. Marchet specifies only that an item was delivered to "front desk/reception" in Salt Lake City, Utah, 84104, on March 28, 2017, and that another item was delivered to "front desk/reception" in Salt Lake City, Utah, 84101, on March 29, 2017.[5] The tracking information does not disclose what the item was, or the precise address to which it was delivered. Nor does it identify the sender or the sender's address. Mr. Marchet has therefore failed to show that extraordinary circumstances prevented him from filing his petition.[6]

3. **Actual Innocence**

A § 2254 petitioner may also overcome the one-year limitations period by making

---

[5] The district court's zip code is 84101. {ROA, Vol. III at 286, n.2.}

[6] In the district court, Mr. Marchet also argued that equitable tolling is appropriate because he was in solitary confinement without access to legal materials from April 20, 2018, to June 1, 2018. But he does not make that argument in his briefing before us, and it is therefore waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (The rule that "[a]rguments not clearly made in a party's opening brief are deemed waived" applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings.").

a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013). To invoke this exception, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Id.* at 399 (quotations omitted). A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Mr. Marchet has not identified any new evidence. Instead, he argues that, because of an intervening change in Utah law, certain witnesses who testified at his trial would not be allowed to testify if his trial was held today. But, as the district court correctly concluded, a change in law is not new evidence. Because Mr. Marchet has failed to identify any new evidence that was not presented to the jury at trial, he has failed to make a credible showing of actual innocence.

## III. CONCLUSION

Mr. Marchet has not made the showing required for a COA. We therefore dismiss this matter. We also deny his request to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

6